B. O. BREWSTER v. L. L. GRACEY AND H. M. BOYD.

No. 12,656.   (69 Pac. 199.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Reservation by Lessor—Assignability of Reservation.* Where the owner of farm lands leases the same, reserving to himself the right to enter thereon and prepare the ground for or sow a crop of wheat, and when it is provided in the agreement that for such purpose "he and his servants and agents may enter upon such premises without let or hindrance, and the parties of the second part hereby waive all claims for damages incident thereto," the right of such landlord so to enter upon said lands for the purposes named in the agreement is assignable and may be conveyed to a tenant.

Error from Kingman district court; P. B. GILLETT, judge.   Opinion filed June 7, 1902.   Affirmed.

*C. W. Fairchild,* for plaintiff in error.

*W. M. Wallace,* for defendants in error.

The opinion of the court was delivered by

ELLIS, J. : This action was brought originally in the district court of Kingman county to enjoin the defendants in error from entering upon lands occu-

pied by the plaintiff below, and sowing wheat thereon in the fall of 1900. A temporary injunction was granted, which was afterward dissolved, exceptions were taken, and proceedings in error instituted in this court to review such order of the district court. That case is number 11,930, and is decided at this term.

. Afterward the action was tried upon the merits, an injunction was denied, and plaintiff below, as plaintiff in error, brings the cause here for review.

The facts are that in the early spring of 1900 the plaintiff entered upon the lands in controversy under a written lease, and planted about eighty acres of corn thereon. Such lease contained the following clause :

"That in case said first party shall during the continuance of this lease desire to sow or plow and prepare the ground for the crops of the following season, or to make any improvements thereon, he and his servants and agents may enter upon said premises for such purposes, without let or hindrance, and the party of the second part hereby waives all claims for damages incident thereto."

In the succeeding September, defendant Boyd entered upon the land in controversy and began to sow wheat in the standing corn, claiming a right so to do under a lease which he asserted was made to him by an agent of the owner of the land with his authority ; and to prevent Boyd, the alleged lessee, and Gracey, who claimed to be agent for the owner of the land, from putting in wheat thereon, this action was brought.

The pivotal question in the case was whether the lease to Boyd was made by Gracey, as agent of the landlord, with the latter's authority. Upon that proposition the evidence was conflicting, but seems to

predominate in favor of the determination of the trial court that Gracey was duly authorized to execute such lease as agent for the landlord. The finding of the court upon the matter is conclusive.

Without presenting any authority in support of his contention, counsel for plaintiff in error insists that the right retained by the landlord to enter upon the premises and sow wheat was personal to himself, or at least that it was not assignable or transferable to a lessee. We do not regard the position as tenable, and hold that, in the absence of a stipulation to the contrary, the landlord could grant the right thus reserved to a tenant.

The judgment of the district court is affirmed.

DOSTER, C. J., JOHNSTON, CUNNINGHAM, JJ., concurring.